**ATLANTA-TOMBERLIN, INC., Petitioner,**

v.

**EASTERN BAND OF CHEROKEE INDIANS, Respondent.**

**No. B-C-87-151.**

United States District Court,
W.D. North Carolina,
Bryson City Division.

Oct. 13, 1987.

William B. Vest, Hendersonville, Tenn., Joe Pachnowski, Bryson City, N.C., for petitioner.

Ben Oshel Bridgers, Sylva, N.C., for respondent.

MEMORANDUM AND ORDER

WOODROW WILSON JONES,
District Judge.

The Petitioner, Atlanta-Tomberlin, Inc. (ATI) entered into a Joint Venture Agreement with the Eastern Band of Cherokee Indians (Tribe) on February 1, 1984 for the operation of a television cable converter repair business on the Cherokee Indian Reservation. A disagreement developed and the parties ceased doing business together in July of 1985. In compliance with a provision of the Joint Venture Agreement, the Tribe filed a demand for arbitration with the American Arbitration Association and arbitration proceedings were held on September 16–17 and November 10–11,

1986 and the panel of arbitrators issued an award on April 7, 1987.

The award was in favor of the Tribe, the arbitrators concluding that Atlanta-Tomberlin, Inc. had (1) breached the contract by failing to make capital contributions as required, and (2) breached its fiduciary duty to the Tribe in the sale of specific equipment to the Tribe and in making a loan for the purchase of specific electronic equipment. ATI was directed to pay all penalties and interest imposed by the Internal Revenue Service for failure to deposit withheld payroll taxes and to pay the Tribe $104,963.00. In addition to providing for the distribution of specific equipment and property, the arbitration award specified that it "was in full settlement of all claims and counterclaims submitted in the arbitration."

ATI filed a petition in this Court to vacate the arbitration award alleging jurisdiction under 9 U.S.C.A. Sections 10, 11 and 12 on the grounds that the arbitrators (1) considered matters outside and beyond the scope of the issues submitted, thereby exceeding their authority; and (2) that the factual basis including the amount of the award or the reason for the award cannot be gleaned from the record or from the award itself. ATI alleges that the matters considered beyond the scope of submission were: "all claims and reductions by Respondent regarding Petitioner's failure to make capital contribution regarding training and administrative costs" and "the ultimate challenge and reduction of Petitioner's capital contributions." The Respondent Tribe filed a cross-petition to confirm the arbitration award, and the Court heard arguments of counsel in Bryson City, North Carolina on September 21, 1987.

Title 9 U.S.C.A. Section 10 provides that a federal court may make an order vacating the award upon the application of any party to the arbitration for one or more of five reasons listed in the statute. The Petitioner contends that the award in question should be vacated for the reason set forth in subsection (d), that is, that "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

Judicial review of arbitration awards is limited by the provisions of Title 9 U.S.C.A. Sections 10 and 11. The congressional purpose for limiting judicial review was to avoid the frustration of the role of arbitration to avoid litigation by resorting to this method of the settlement of disputes. Accordingly, this Court is limited in this cause to determining whether or not the arbitrators exceeded their authority.

The contract between the parties provided that disputes arising during the joint venture would be determined by arbitration. A dispute arose and the Tribe filed a written demand for arbitration alleging that the Petitioner, ATI, had breached the contract in the following particulars:

"1. Not investing the required capital and by wrongfully terminating operations;

2. Defrauding the Tribe by financial misrepresentations, by selling computer equipment at inflated prices to claimant through a related party, and

3. Breached its fiduciary duty to the Tribe by material misrepresentations concerning equipment and operations."

The Petitioner, ATI, filed a denial of these allegations and asserted it had "provided approximately $735,809.89 to the Joint Venture" and counter-claimed against the Tribe for $315,000.00.

■ The Joint Venture Agreement required ATI to "provide a total of $500,000 capital contribution within one year ..." ATI contends that it met this requirement of the agreement by furnishing cash and "services" which were "valued" at $735,-809.89. The value of the "services" had not been agreed to by the Tribe either prior to or during the arbitration. It is therefore apparent that a dispute existed between the parties as to the "value" of these "services" purportedly furnished by ATI and the general allegation by the Tribe that ATI had not invested the required capital was an issue for determination by the arbitrators. After the filing of the original pleadings and before the hearing the Tribe provided a detailed breakdown of the basis

for its claim that ATI had not contributed the required $500,000 to the joint business venture as required by the contract. In addition the Tribe filed a witness list, identifying 19 potential witnesses, and the subject of their testimony; and a bill of particulars and a brief setting forth specific instances in which ATI wrongfully claimed credit for capital contributions in excess of the real value of the services performed.

Prior to the beginning of the hearing before the arbitrators counsel for ATI objected to two paragraphs in the Tribe's brief on the grounds that additional claims were being raised in violation of Rule 8 of the Rules of the American Arbitration Association which "says that any additional claim must be prepared in writing to give the other side an opportunity to answer, and then no new claims can be filed after the arbitrators are appointed without their express permission." Counsel for ATI argued before the arbitrators that Item 7 of the Tribe's brief "presents a challenge to the entire cost of training as allocated by ATI which is totally different than the claim that's raised, or the issue concerning training that is raised in the claim. For a year we have been operating under the training issue involving simply a double entry of training cost as opposed to a challenge to the entire amount of the training. In No. 8, the claim raises an issue that approximately $70,000 of the administrative costs was inappropriate. Now, by reading No. 8, it appears that a challenge is being made to the entire $250,000 worth of administrative cost. If I am reading that correct, then I object to any change in the claims at this late date."

The arbitrators overruled the objection, stating that the question raised by ATI was a matter of proof, which could be dealt with during the trial phase. The arbitrators then proceeded to hear and consider evidence offered by the Tribe tending to support the contention that ATI had breached the contract by its failure to make capital contributions as required. ATI now claims that in receiving and considering this evidence the arbitrators exceeded their power or authority.

The Court finds and concludes that such contention is without merit. The general allegation by the Tribe presented in its written demand for arbitration that ATI had breached the contract by failing to furnish the required capital of $500,000 was sufficient to put in issue the question of the value of the "services" furnished in lieu of cash.

The Petitioner also contends that the award should be vacated because the "factual basis (including amount) of the award or reason for the award cannot be gleaned from the arbitration record ... or from the award itself." Such contention does not state a reason for which this Court may vacate the award. Apparently, ATI is suggesting that the Court modify the award as provided by the provisions of Title 9 U.S.C.A. Section 11. Subsection (a) of this statute provides that the Court may make an order modifying or correcting the award where there was "an evident material miscalculation of figures ..." In assigning damages for breach of the contract the arbitrators awarded the Tribe the sum of $104,963.00. There has been no showing by ATI that this figure is "an evident material miscalculation." The courts generally have held that arbitrators are not required to give their reasons for an award or that the proceedings and record be as complete as a court trial. Arbitrators are not required to disclose the basis upon which the awards are made and courts will not look behind a lump-sum award in an attempt to analyze their reasoning process. *Kurt Orban Co. v. Angeles Metal Systems*, 573 F.2d 739 (2nd Cir.1978).

The Court finds and concludes that the arbitrators did not exceed their power and authority and the motion to vacate will be denied. An order will be entered confirming the award of the arbitrators in this cause.

Counsel for the Tribe may present an order for confirmation of the award with a copy to counsel for the Petitioner.

IT IS THEREFORE ORDERED that the Petitioner's demand that the award of the

arbitrators in this cause be vacated is hereby denied.